IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MILTON B. JOHNSON                                                                           PETITIONER

VERSUS                                          CIVIL ACTION NO. 3:13-cv-237-CWR-FKB

UNITED STATES OF AMERICA                                         RESPONDENT

MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner filed this petition for habeas relief pursuant to 28 U.S.C. § 2241 on April 22, 2013. Having reviewed the Petition [1], this Court determines that the instant civil action will be dismissed for lack of jurisdiction.

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir.1992). The United States Court of Appeals for the Fifth Circuit has held that jurisdiction attaches at the time the petition for habeas relief is filed. *Lee v. Wetzel*, 244 F.3d 370, 375 n. 5 (5th Cir. 2001). Furthermore, "the district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition." *Id*. at 373 (citing *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999)). The holding of *Lee* applies to "both § 2241 petitions brought to contest the manner in which a prisoner's sentence is carried out and § 2241 petitions brought to attack the validity of a prisoner's sentence." *Id*. at 375 n.4.

Petitioner is incarcerated at the Talladega Federal Prison Camp, Talladega, Alabama. Pet. [1] at 4. Therefore, the United States District Court for the Northern District of Alabama, where Petitioner is currently incarcerated, has jurisdiction to address the constitutional issues presented by Petitioner in the instant request for habeas relief pursuant to 28 U.S.C. § 2241.

Because this Court does not have jurisdiction over this § 2241 petition, this Court also lacks the authority or "discretion" to transfer the petition to the proper district. *Lee*, 244 F.3d at 373-74. As such, this Court must dismiss the petition without prejudice so that petitioner may file a new § 2241 habeas petition in the district court that has jurisdiction over his present custodian. *Id.* at 375.

As stated above, this Court does not have jurisdiction to entertain the petitioner's challenge pursuant to 28 U.S.C. § 2241 and thus, the instant civil action will be dismissed without prejudice. *See Lee,* 244 F.3d at 375.

SO ORDERED this the 20th day of May, 2013.

                                              s/Carlton W. Reeves
                                              UNITED STATES DISTRICT JUDGE